D5NAABARP                    Plea

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4           v.                          12 CR 171 (JPO)

5  MICHAEL BARUKHIN,

6
                    Defendant.
7
   ------------------------------x
8
                                        New York, N.Y.
9                                       May 23, 2013
                                        2:45 p.m.
10

11 Before:

12                  HON. J. PAUL OETKEN,

13                                      District Judge

14
                         APPEARANCES
15
   PREET BHARARA
16      United States Attorney for the
        Southern District of New York
17 DANIEL GOLDMAN
        Assistant United States Attorney
18
   PRIYA CHAUDHRY
19      Attorney for Defendant Barukhin

20

21

22

23

24

25

D5NAABARP                          Plea

```
 1                (Case called)
 2                MR. GOLDMAN:  Daniel Goldman, for the government.
 3                MS. CHAUDHRY:  Priya Chaudhry.  With me at counsel
 4    table is Brian Moon, for Mr. Barukhin who is seated between us
 5    and present.
 6                THE COURT:  Good afternoon.
 7                I understand the defendant wishes to plead guilty to
 8    the superseding information Counts One through Three.  Is that
 9    correct?
10                MS. CHAUDHRY:  That is correct, your Honor.
11                THE COURT:  OK.  So, we'll start with the arraignment
12    on the superseding information which is S15.
13                Mr. Barukhin, did you sign this waiver of indictment
14    form?
15                THE DEFENDANT:  Yes.
16                THE COURT:  Did you discuss it with your attorney?
17                THE DEFENDANT:  Yes.
18                THE COURT:  You understand you are under no obligation
19    to waive indictment?
20                THE DEFENDANT:  Yes.
21                THE COURT:  You understand that if you choose not to
22    waive indictment then the government would have to present its
23    case to the grand jury?
24                THE DEFENDANT:  Yes.
25                THE COURT:  OK.  And by signing this waiver of
```

D5NAABARP                          Plea

1    indictment you are giving up your right to have the case

2    presented to the grand jury.  Do you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  OK.  I find the defendant's knowingly and

5    voluntarily waiving his right to be indicted by a grand jury

6    with respect to these three counts.  You've seen a copy of the

7    superseding information with the three counts?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Have you had a chance to read it and

10   discuss it with your counsel?

11         THE DEFENDANT:  Yes.

12         THE COURT:  You do understand the charges against you?

13         THE DEFENDANT:  Yes.

14         THE COURT:  And do you waive the public reading of the

15   superseding information?

16         THE DEFENDANT:  Yes.

17         THE COURT:  I therefore authorize the filing of the

18   superseding information.  And am I correct that you wish to

19   plead to Counts One, Two and Three of the superseding

20   information?

21         THE DEFENDANT:  Yes.

22         THE COURT:  OK.  Before accepting your guilty plea I

23   am going to ask you certain questions so that I can establish

24   to my satisfaction that you wish to plead guilty because you

25   are guilty and not for some other reason.  If you do not

4

D5NAABARP                          Plea

1  understand any of my questions or if you wish a further

2  opportunity to consult with your attorneys, please, let me

3  know, OK?

4            please place the defendant under oath.

5            (Defendant Michael Barukhin sworn)

6            THE COURT:  You can be seated during this only because

7  it's actually easier to hear with the microphone.

8            Mr. Barukhin, you are now under oath.  And that means

9  if you answer any of my questions falsely, your answers could

10 be used against you in a prosecution for perjury.  Do you

11 understand?

12           THE DEFENDANT:  Yes.

13           THE COURT:  Please state your full name.

14           THE DEFENDANT:  Michael Barukhin.

15           THE COURT:  It's B-a-r-u-k-h-i-n?

16           THE DEFENDANT:  Yes.

17           THE COURT:  How old are you Mr. Barukhin?

18           THE DEFENDANT:  33.

19           THE COURT:  OK.  And how far did you go in school?

20           THE DEFENDANT:  Some college.

21           THE COURT:  Say again.

22           THE DEFENDANT:  Some college, two years.

23           THE COURT:  Where was that?

24           THE DEFENDANT:  Long Island University.

25           THE COURT:  OK.

1                MS. CHAUDHRY:  Your Honor, does he need to move his

2      mic closer?

3                THE COURT:  Yes, please.

4                Mr. Baruch, have you ever been treated or hospitalized

5      for any mental illness?

6                THE DEFENDANT:  No.

7                THE COURT:  Are you now or have you recently been

8      under the care of a psychiatrist or doctor?

9                THE DEFENDANT:  No.

10                THE COURT:  Have you ever been hospitalized for

11      addiction to drugs or alcohol?

12                THE DEFENDANT:  No.

13                THE COURT:  In the past 24 hours have you taken any

14      drugs or medicine or alcohol?

15                THE DEFENDANT:  No.

16                THE COURT:  Is your mind clear today?

17                THE DEFENDANT:  Yes.

18                THE COURT:  You understand what's happening in this

19      proceeding today?

20                THE DEFENDANT:  Yes.

21                THE COURT:  Does either counsel have any doubt as to

22      the defendant's competence to plead today?

23                MR. GOLDMAN:  No, your Honor.

24                MS. CHAUDHRY:  No, your Honor.

25                THE COURT:  OK.  Based on his responses to my

1    questions and his demeanor, I find the defendant is competent

2    to enter a plea of guilty today.

3         Mr. Barukhin, have you had a sufficient opportunity to

4    discuss your case with your attorneys?

5         THE DEFENDANT:  Yes.

6         THE COURT:  Have you had a sufficient opportunity to

7    discuss the charges you intend to plead guilty to, any possible

8    defenses and the consequences of pleading guilty?

9         THE DEFENDANT:  Yes.

10        THE COURT:  Are you satisfied with their

11   representation of you?

12        THE DEFENDANT:  Yes.

13        THE COURT:  I am now going to explain certain

14   constitutional rights that you have.  You will be giving up

15   those rights if you enter a plea of guilty.  Under the

16   Constitution and laws of the United States you are entitled to

17   a speedy and public trial by a jury on the charges contained in

18   the superseding information.  Do you understand that?

19        THE DEFENDANT:  Yes.

20        THE COURT:  At hat trial you would be presumed

21   innocent and the government would be required to prove you

22   guilty by competent evidence and beyond a reasonable doubt

23   before you could be found guilty.  You would not have to prove

24   that you were innocent.  A jury of 12 people would have to

25   agree unanimously that you were guilty.  Do you understand

D5NAABARP                         Plea

1   that?

2                THE DEFENDANT:  Yes.

3                THE COURT:  At that trial and at every stage of your

4   case you would be entitled to be represented by an attorney and

5   if you could not afford one, one would with be appointed to

6   represent you.  Do you understand that?

7                THE DEFENDANT:  Yes.

8                THE COURT:  During that trial the witnesses for the

9   government would have to come to court and testify in your

10  presence and your lawyer could cross-examine the witnesses for

11  the government, object to evidence offered by the government

12  and if you desired, issue subpoenas, offer evidence and compel

13  witnesses to testify on your behalf.  Do you understand that?

14               THE DEFENDANT:  Yes.

15               THE COURT:  At that trial although you would have the

16  right to testify, if you chose to, you would also have the

17  right not to testify and no inference or suggestion of guilt

18  could be drawn from the fact that you didn't testify if you

19  chose not to.  Do you understand?

20               THE DEFENDANT:  Yes.

21               THE COURT:  If you were convicted at trial you would

22  have the right to appeal that verdict.  Do you understand that?

23               THE DEFENDANT:  Yes.

24               THE COURT:  Even at this time today as you're entering

25  that plea, you do have the right to change your mind if you

D5NAABARP                        Plea

1    wish to you and plead not guilty and go to trial.  Do you under

2    that?

3                THE DEFENDANT:  Yes.

4                THE COURT:  If you do plead guilty and if I accept

5    your plea you will be giving up the right to trial and other

6    rights I've described.  There will be no trial but I will enter

7    a judgment of guilty, then sentence you later on the basis of

8    your guilty plea.  But my sentencing will only be after I

9    consider any submissions I get from you and your counsel, as

10   well the lawyer for the government and the probation

11   department's presentence report.  Do you understand?

12               THE DEFENDANT:  Yes.

13               THE COURT:  If you plead guilty you will also have to

14   give up your right to not incriminate yourself since I will ask

15   you questions about what you did in order to satisfy myself

16   that you are guilty as charged.  Do you understand that?

17               THE DEFENDANT:  Yes.

18               THE COURT:  You say you've received a copy of the

19   superseding information containing the plea charges against you

20   and you have had a chance to read it and discuss it with your

21   lawyers.

22               THE DEFENDANT:  Yes.

23               THE COURT:  I'll ask counsel for the government,

24   Mr. Goldman, if you would please proffer the elements that the

25   government would seek to prove at trial with respect to the

D5NAABARP                    Plea

1    Counts One, Two and Three.

2              MR. GOLDMAN:  Count One charges a conspiracy to commit

3    healthcare fraud in violation Title 18 U.S.C. 1347 and 1349.

4    There are two elements of conspiracy.

5              First, the existence of the conspiracy as charged in

6    the indictment, that is, agreement or understanding to commit

7    healthcare fraud.

8              And second, the defendant willingly and knowingly

9    became a member of the conspiracy.

10             Healthcare fraud has three elements.  First, that

11   there was either a scheme or artifice to defraud a healthcare

12   benefit program or to obtain based on false and fraudulent

13   pretenses, representations, or promises, money or property

14   under the control, custody or control of a healthcare benefit

15   program.

16             Second, that the defendant knowingly and willfully

17   participated in the scheme or artifice with knowledge of its

18   fraudulent nature and with specific intent to defraud.

19             And third that the scheme was conducted in connection

20   with the delivery of or payment for healthcare benefits, items

21   or services.

22             Count Two charges conspiracy to commit money

23   laundering.  The two elements of the conspiracy are the same as

24   those for Count One.  There are three objects of this

25   conspiracy.

1          First is promoting unlawful activity under 1956

2     (a)(1)(A)(1).  That has four elements.

3          First, that the defendant knowingly conducted or tried

4     to conduct a financial transaction.

5          Second, that the defendant knew that the money or

6     proper involved in the transaction were the proceeds of some

7     kind of unlawful activity.

8          Third, that the money and property did come from

9     unlawful activity, specifically, in this case the healthcare

10    fraud described in Count One.

11         And fourth, the defendant was involved in the

12    financial transaction with the intent to promote the carrying

13    on of that specified unlawful activity.

14         The second object is financial transaction to conceal

15    proceeds under Section 1956 (a)(1)(B)(1).  That also has four

16    elements.

17         First, the defendant conducted a financial

18    transaction.  That is, that affected interstate or foreign

19    commerce.

20         Second, that the sating defendant conducted a

21    financial transaction that involved proceeds of healthcare

22    fraud as charged in Count One.

23         Third, that at the time the defendant conducted the

24    financial transaction the defendant knew that the transaction

25    represented the proceeds of some form of unlawful activity.

1          And fourth, that the defendant conducted a financial

2     transaction knowing that the transaction was designed in whole

3     or in part to conceal or disguise the nature, location, source

4     ownership or control of the proceeds of healthcare fraud.

5          The final object of Count Two under Section 1957 has

6     five elements.

7          First, the defendant engaged in the monetary

8     transaction in or affecting interstate commerce.

9          Second, the monetary transaction involved criminally

10    derived property of a value greater than $10,000.

11         Third, that the property was derived from specified

12    unlawful activity, that is healthcare fraud.

13         And fourth, that the defendant acted knowingly, that

14    is with knowledge of the transaction involved the proceeds of

15    the healthcare fraud.

16         And fifth, at transaction took place in the United

17    States.

18         Count Three charges operation of an illegal gambling

19    business under Title 18 U.S.C. Section 1955.  There are three

20    elements as well, that the defendant conducted, financed,

21    managed, supervised, directed or owned all or part of a

22    gambling business that is in violation of New York Law.  The

23    New York Law makes, New York Penal Law Section 22505 makes it a

24    crime to run a poker game with a rake with a fee paid to the

25    owners by the players.

D5NAABARP                    Plea

1          Second, that the business employed five or more

2     persons.

3          And third the gambling business, in this case the

4     poker game, was in operation for 30 or more days and had a

5     gross revenue of two thousand dollars or more in one day.

6          THE COURT:  Thank you, Mr. Goldman.

7          Those are the elements of the three counts of the

8     superseding information.  In the event that there were a trial

9     those are the elements that I'd be instructing the jury as to

10    each count they must find each of those elements beyond a

11    reasonable doubt.  I also want what explain to you the maximum

12    potential penalties for those three counts under the statute,

13    the applicable statutes.

14         First, with respect to Count One, conspiracy to commit

15    healthcare fraud, there's a maximum term of imprisonment under

16    the statute of ten years, a maximum term of supervised release

17    of three years.  Supervised release means that you are subject

18    to monitoring following release of incarceration.  There are

19    terms of supervised release you must comply with.  And if you

20    do not comply with those terms you can be returned to prison

21    without a jury trial.  Also, a maximum fine of greatest of

22    $250,000 or twice the total monetary gain from the offense or

23    twice the total monetary loss to others from the offense and a

24    $100 a special assess amount.

25         With respect to Count Two, conspiracy to commit money

D5NAABARP                    Plea

laundering, there is a maximum term under the statute of

imprisonment of 20 years, a maximum term of supervised release

of three years and a maximum fine of the greatest of $500,000

or twice the total value of the property involved in the

offense.  And finally a mandatory $100 special assessment.

Finally, with respect to Count Three, operating an

illegal gambling business, the maximum term of imprisonment is

five years, the maximum term of supervised release is three

years, the maximum fine is the greatest of $250,000 or twice

the total monetary gain from the offense or twice the total

monetary loss to others from the offense.  Finally a one

hundred dollar mandatory special assessment on Count Three.

So the total maximum term as to all three counts on

Counts One, Two and Three is 35 years imprisonment.  In

addition, as part of your plea agreement you would admit to the

forfeiture allegation and agree to forfeit to the United States

a sum of $2,371,563.83 representing the amount of the proceeds

obtained in the conduct underlying Counts One and Two.  In

addition, you would agree to make restitution in the same

amount.

Mr. Barukhin, are you a United States citizen?

THE DEFENDANT:  Yes.

THE COURT:  If your attorney or anyone else has

attempted to predict what your sentence will be or will likely

be, their prediction could be wrong and because I am the one

D5NAABARP                     Plea

1   who will determine your sentence, not today but after

2   considering the submissions that I mentioned.  So in terms of

3   someone predicting what your sentence can be, they might be

4   wrong.  Do you understand that?

5                THE DEFENDANT:  Yes.

6                THE COURT:  As I said, I am going to wait until I

7   receive the presentence report the probation department will

8   prepare and give you a chance and the government a chance to

9   submit any written submissions relating to how I should

10  sentence you.  And I'll consider the sentencing guidelines as a

11  starting point but then, ultimately, determine based on the

12  sentencing factors in the statute 18 U.S.C. 3553(A) what an

13  appropriate sentence is for you considering all those factors.

14               Have you discussed these issues with your counsel?

15               THE DEFENDANT:  Yes.

16               THE COURT:  Even if your sentence is different from

17  what you expected it to be or what someone has told you it's

18  likely it to be, you will still be bound by your guilty plea

19  and will not be allowed to withdraw your plea of guilty.  Do

20  you understand that?

21               THE DEFENDANT:  Yes.

22               THE COURT:  Had has anyone threatened your or forced

23  you in any way to plead guilty?

24               THE DEFENDANT:  No.

25               THE COURT:  And there's plea agreement.  Did you sign

D5NAABARP                    Plea

1    this plea agreement with the government?

2              THE DEFENDANT:  Yes.

3              THE COURT:  When did you sign it?

4              THE DEFENDANT:  A few minutes ago.

5              THE COURT:  OK.  Before you signed it did you have a

6    chance to read it and discuss it with your counsel?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Do you feel you understand what's agreed

9    to in the agreement?

10             THE DEFENDANT:  Yes.

11             THE COURT:  OK.  Is there anything that's been left

12   out of the agreement in terms of your understanding with the

13   government?

14             THE DEFENDANT:  No.

15             THE COURT:  Did anyone force you to sign the

16   agreement?

17             THE DEFENDANT:  No.

18             THE COURT:  Under this agreement there's what is

19   called a stipulated guideline range.  And as you probably know

20   the sentencing guidelines as I said are the starting point.

21   They come up with an advisory range in determining a sentence

22   but I am not bound by them ultimately.  I can go below them or

23   above them but they are the starting point in imposing

24   sentence.  And based on the what the parties understand as

25   reflected in this agreement, this stipulated guidelines range

D5NAABARP                    Plea

1    is 57 to 71 months incarceration.  Do you understand that?

2                THE DEFENDANT:  Yes.

3                THE COURT:  And there's a stipulated fine range under

4    the guidelines of $10,000 to $100,000 in fines.  Do you

5    understand that this stipulation binds the government and you

6    but not me because as I said I will be making my own

7    calculation of your sentence under the guidelines?

8                THE DEFENDANT:  Yes.

9                THE COURT:  Do you understand that under this

10   agreement you are giving up your right to appeal or challenge

11   your sentence if sentenced to 71 months or less that is the top

12   of the range in prison?

13               THE DEFENDANT:  Yes.

14               THE COURT:  Now, Mr. Barukhin, will you please tell me

15   your own words what you did that makes believe you are guilty

16   of three counts in the superseding information.

17               THE DEFENDANT:  From at least in or about 2010 up

18   through and including on or about February 29, 2012 in the

19   Southern District of New York, I willfully and knowingly

20   conspired with others to commit healthcare fraud.

21               In furtherance of this conspiracy, I owned an interest

22   in certain medical professional corporations and knowingly

23   misrepresented to insurance companies that they were owned,

24   operated and controlled by medical professionals.  I am not a

25   medical professional.  I submitted no-fault insurance claims to

D5NAABARP                        Plea

various automobile insurance carriers on behalf of these

medical professional corporations and falsely represented on

those claims that those professional corporations were owned,

operated and controlled by licensed medical professionals.  I

knew that some of the bills were mailed to insurance companies

located in Manhattan.

From in or about 2010, up through and including on or

about February 29, 2012 in the Southern District of New York, I

willfully and knowingly conspired with others to commit money

laundering.  I knew that my co-conspirators engaged in

financial transactions -- fraud scheme that were designed to

conceal the source of founds and to promote the healthcare

fraud scheme.  I knew that some of the money received through

the healthcare fraud scheme was cashed through check cashers

and then knowingly used to make kickback payments in order to

promote the healthcare scheme.

I also knew that my co-conspirators would knowingly

engage in financial transactions involving greater than $10,000

in proceeds fraudulently obtained through insurance companies

including the payments by check or funds in excess of $10,000

from bank accounts that received fraudulently obtained funds to

other bank accounts controlled by my co-conspirators.  I

received some of the proceeds from these transactions.  I knew

that the proceeds from the healthcare fraud scheme were

received from insurance companies located in Manhattan.

1           In or about 2009 in the Eastern District of New York I

2     knowingly and willfully owned a part of an illegal gambling

3     business.  Along with four other individuals I operated an

4     illegal poker business in Brooklyn, New York.  And on at least

5     one day we made more than two thousand dollars.  This poker

6     business was illegal because the owners were paid a fee by the

7     players for operating the game.  I waive any challenge as to

8     venue regards to this charge of operating an illegal gambling

9     business.

10          THE COURT:  Thank you.  When you did these acts did

11    you know that what you were doing was illegal?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Did you know it was wrong?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Does the government counsel agree that

16    there's sufficient factual predicate for the guilty plea?

17          MR. GOLDMAN:  Yes, your Honor.

18          THE COURT:  Does the defense?

19          MS. CHAUDHRY:  Yes, your Honor.

20          THE COURT:  Does the defense counsel know of any valid

21    defense that would prevail at trial or any reason Mr. Barukhin

22    should not plead guilty?

23          MS. CHAUDHRY:  I do not.

24          THE COURT:  Mr. Barukhin since you acknowledge that

25    you are, in fact, guilty as charged and since I am satisfied

1    that you know of your rights including your right to go to

2    trial, that you are aware of the consequences of your plea,

3    including the sentence that may be imposed and since I find

4    that you are voluntarily pleading guilty, I accept your guilty

5    plea and I enter a judgment of guilty on Counts One, Two and

6    Three of the superseding information S15 in this case to which

7    you have pleaded guilty.

8            Now, turning to sentencing, the probation department

9    will want to interview you in connection with that presentence

10   report that it will prepare.  It has a lot of information in it

11   about these offenses, about your background, your family,

12   everything and I read it very carefully before I decide on

13   sentence.  So please make sure that anything you say to them is

14   accurate and anything when you get a chance to read the draft

15   of the report that if there are any mistakes in it that

16   clarification, you let Ms. Chaudhry know.

17           In terms of timing I understand that counsel and the

18   government agreed to an October sentencing date.  Is that

19   correct?  I have object to 17th, two p.m.

20           MR. GOLDMAN:  Fine, your Honor.

21           MS. CHAUDHRY:  That's fine.

22           THE COURT:  So sentencing will be Thursday,

23   October 17, two p.m.

24           And defendant's counsel, I think you'll hear from the

25   probation department about setting up the interview.  If you

D5NAABARP                     Plea

1    will please arrange for that promptly so the process for

2    preparing PSR can be done on time.

3              MS. CHAUDHRY:  Absolutely.

4              THE COURT:  Defense submissions will be due two weeks

5    before sentencing.  The government's submission due one week

6    before.  So any written submissions will be due October 3rd for

7    defendant and October 10th for the government.

8              Is there any objection to present bond being continued

9    to the date of sentence?

10             MR. GOLDMAN:  One moment, your Honor?

11             (Pause)

12             MR. GOLDMAN:  No change, your Honor.

13             THE COURT:  Mr. Barukhin, all the conditions of your

14   release on bail continue to apply up to the date of sentence

15   and make sure you continue to comply with those conditions.  I

16   know you have a violation of any of those conditions could have

17   a negative impact on the sentence.  Then you must be in

18   courtroom on the date of sentencing which is October 17 at two

19   o'clock.  If you miss the sentencing date it's a separate crime

20   known as bail jumping, so make sure you are here on October 17,

21   two o'clock.  Do you understand that?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Anything else?

24             MR. GOLDMAN:  No.

25             MS. CHAUDHRY:  No, your Honor.

D5NAABARP                          Plea

1                  THE COURT:  Thank you very much.

2                          (Adjourned)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25